**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHALEY STEWART BOWLES,<br><br>Plaintiff,<br><br>v.<br><br>NY LIBERTY, et al.,<br><br>Defendants. | Civil Action No. 2:11-cv-3529 (ES) (JAD)<br><br>**OPINION AND ORDER** |

JOSEPH A. DICKSON, U.S.M.J.

Presently before the Court is a motion for leave to deposit funds with the Court, (ECF No. 61), filed by Defendants Madison Square Garden, L.P. and New York Liberty, a Division of Madison Square Garden, L.P., (collectively "Defendants") on March 24, 2015. Plaintiff filed her Opposition, (ECF No. 63), on April 16, 2015, and a hearing was conducted the same day. For the following reasons, Defendants' motion to deposit funds with the Court is **GRANTED**.

I.  BACKGROUND.

On or about June 19, 2009, Plaintiff, Mahaley Stewart Bowles, ("Plaintiff"), was attending a New York Liberty game at the Madison Square Garden when she tripped and fell on a "dangerous condition" on the premises. (Compl. ¶ 12). In June 2011, Plaintiff commenced the underlying lawsuit against the Defendants Madison Square Garden, L.P., (improperly pled as "Madison Square Garden, Inc., Madisons Square Garden") and New York Liberty, a division of Madison Square Garden, L.P., (improperly pled as "NY Liberty") (collectively "Defendants"). (Compl.)

1

On February 7, 2014, a settlement conference was held before the undersigned, where the parties agreed on the record to a settlement for $175,000. (See ECF. No. 41, Transcript of Settlement, (hereinafter "Transcript of Settlement")). At the time of the settlement conference, Plaintiff was represented by Hunt, Hamlin & Ridley, ("HHR"). As a result of the settlement on the record, the Court dismissed the matter without prejudice, (ECF No. 39), and Defendants' counsel sent a Release to Plaintiff's counsel on the same day for Plaintiff's signature, (ECF No. 43–2, Cert. of Atty. in Support of Mot. to Enforce Settlement ¶ 7).

Thereafter, on March 11, 2014, this Court noted on the docket that the Court had received a letter dated February 24, 2014 from Plaintiff addressed to HHR regarding the settlement. (ECF No. 40). In the February 24, 2014 letter, Plaintiff stated that she was "uncomfortable" agreeing to the $175,000 settlement and instead stated that she "would feel comfortable" settling for over $600,000. (Id.). As a result, this Court ordered that if Plaintiff wished to reopen the matter, she had to "make an appropriate application to the Court." (Id.). Nevertheless, on March 17, 2014, the Court posted to the docket a revised version of the February 24, 2014 letter (dated March 10, 2014), which Plaintiff sent to HHR and copied to the Court, in which Plaintiff added a request for punitive damages, bringing the amount she "would feel comfortable settling for" to $1.63 million. (ECF No. 42). In short, Plaintiff refused to sign the Release and instead sought to reopen the matter to obtain a higher settlement amount. In response to Plaintiff's refusal to sign the Release, on March 20, 2014, Defendants filed a motion to enforce the terms of the settlement. (ECF No. 43).

On April 22, 2014, the undersigned held a status conference, during which Plaintiff advised the Court that she was seeking new counsel. On July 11, 2014, William W. Mandeville, Esq. substituted into the case as Plaintiff's counsel. (ECF No. 49). On September 11, 2014, HHR sent

correspondence to Plaintiff stating, "This letter is to confirm the law firm of Hunt, Hamlin & Ridley maintains a lien on this file based on the $175,000.00 offer of settlement reached." (Mandeville Cert. ¶15).

Thereafter, on November 20, 2014, the undersigned held a status conference and gave the parties until December 12, 2014 to meet and confer on the motion to enforce the terms of the settlement. On December 11, 2014, Defendants advised the Court that after reviewing a list of medical bills provided by Plaintiff, its position was unchanged and accordingly asked the Court to rule on the motion. (ECF No. 55). Plaintiff replied, stating that the parties did not meaningfully confer regarding the list of medical bills. (ECF No. 56).

On December 15, 2014, the Honorable District Judge, Esther Salas issued an Opinion and Order granting Defendants' motion to enforce the terms of the February 07, 2014, settlement agreement. (December 15, 2014 Opinion and Order, ECF Nos. 57-58). On February 05, 2014, HHR sent a letter to Mr. Mandeville in which HHR requests the payment of legal fees, plus expenses, for the $175,000 settlement. (Mandeville Cert. ¶23).

On February 11, 2015, Plaintiff signed the Settlement Release. (Mandeville Cert. ¶24, Riina Cert. ¶16). The following day on February 12, 2015, HHR sent an email to Mr. Mandeville and counsel for Defendants, asserting HHR's claim to attorney's fees, in the amount of $58,275. (Mandeville Cert. ¶25, Riina Cert. ¶17). Defendants counsel informed Mr. Mandeville by telephone on February 23, 2015 that due to the dispute regarding the attorney's fees, Defendants were willing to either deposit the funds into court or disburse the funds with the consent of all counsel involved. (Riina Cert. ¶18). On March 24, 2015, Defendants filed the instant motion to deposit funds with the Court, (ECF No. 61).

## II. DISCUSSION

Federal Rule of Civil Procedure 67 provides in pertinent part:

If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

FED. R. CIV. P. 67(a).

"As a general proposition, the purpose of a deposit in court pursuant to Fed. R. Civ. P. 67 is to relieve the depositor of responsibility for a fund in dispute, while the parties hash out their differences with respect to it . . ." 10 Fed. Proc., L. Ed. § 24:1. Thus, while the "Rule's procedures provide a place of safekeeping for disputed funds pending the resolution of a legal dispute . . . it cannot be used as a means of altering the contractual relationships and legal duties of the parties." Browning Ferris, Inc. v. Montgomery Cnty., No. CIV. A. 90-3258, 1990 WL 131937, at *2 (E.D. Pa. Sept. 4, 1990). Moreover, the decision whether to allow a Rule 67 deposit lies within the discretion of the Court. Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP, 680 F. Supp. 2d 639, 641 (D. Del. 2010).

In their papers, Defendants emphasize that they "have settled the underlying action and are currently ready, willing, and able to make payment to the Plaintiff of the agreed upon sum of $175,000.00." (ECF No. 61-1 at 8). Defendants state that despite their eagerness to pay the settlement amount, Plaintiff's current and former counsel have delayed the process since they both have asserted competing claims over the settlement funds. (Id.). As a result, Defendants argue that they should be excused from further proceedings related to the settlement, as Defendants have no interest in the funds or the manner of allocation. (ECF No. 65 at 2). Moreover, Defendants contend it is "not the responsibility of defense counsel to attempt to determine whether Mr. Hunt's

4

assertion of a lien was correct or incorrect, or valid or invalid as supported by the law or facts. . ." (Id. at 3).

Conversely, Plaintiff argues that the Court should deny Defendants' motion to deposit the funds because there is no "real dispute – one that could expose Defendants to liability." (ECF No. 63 at 11). In support of this position, Plaintiff contends "Defendants have not presented a scintilla of proof of HHR's entitlement," and therefore, the question of entitlement is not in dispute. (Id. at 15).

In addition, Plaintiff asserts that Defendants have an obligation under the oral settlement agreement to pay the settlement funds to the Plaintiff. (Id. at 13). Specifically, Plaintiff argues that Defendants' motion should be denied because it is "an effort [to] escape contractual responsibility to the plaintiff." (Id. at 11). Moreover, Plaintiff maintains that granting leave to deposit into court would alter the Settlement agreement and therefore, be "altering the contract set for in Honorable Esther Salas, U.S.D.J.' [sic] Order, hence reopening the case." (Id. at 12).

Upon review of the parties' arguments, the Court is persuaded that there is a legitimate dispute over attorney's fees between Plaintiff's present counsel and former counsel.[1] The Court finds that it would be inequitable to deny Defendants' motion to deposit the funds with the Court, as it would effectively be putting Defendants in the middle of a legal fees dispute in which they have no interest. See Garrick v. Weaver, 888 F.2d 687, 694 (10th Cir. 1989) (finding Magistrate's decision to deposit disputed settlement funds with the Court "both ensured that the settlement fund would be available for disbursement and facilitated judicial economy by permitting the defendants, who no longer had an interest in the funds or in these proceedings, to withdraw."); see also

---

[1] Moreover, Defendants need not present any evidence as to either counsels' "entitlement" to the funds, as Plaintiff suggests. There is clearly a dispute regarding the funds.

5

CASCO, Inc. v. John Deere Const. Co. & Forestry Co., 293 F.R.D. 99, 100 (D.P.R. 2013) ("Rule 67 is a useful took in circumstances when a third party. . . holds a sum-certain to which multiple parties dispute ownership.").

The Court disagrees with Plaintiff's argument that Defendants are attempting to alter the Settlement agreement or escape their contractual responsibilities. Rather, the Court recognizes that the Defendants simply want to satisfy their obligations under the Settlement agreement and excuse themselves from a legal fees dispute in which they have absolutely no interest in. This is just the situation Rule 67 was designed to address. The Court finds that Rule 67 appropriately provides a place of safekeeping for the disputed funds until the dispute is resolved. Accordingly, the Court hereby **GRANTS** Defendants' motion to deposit funds with the Court, (ECF No. 61).

### III.   CONCLUSION

Based on the foregoing, this Court hereby **GRANTS** Defendants' motion to deposit funds with the Court, (ECF No. 61).

SO ORDERED

_____  6/1/14

JOSEPH A. DICKSON, U.S.M.J.

cc:    Hon. Esther Salas, U.S.D.J.